**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
GUY DANILOWITZ, State Bar # 257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH GUNTHER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF YOLO; Yolo County Sheriff EDWARD G. PRIETO (Badge #1); Yolo County Sheriff's Department Sergeant AL WILLIAMS (Badge #38); Yolo County Sheriff's Department Deputy MIKE MONTERO, JR. (Badge #155); Yolo County Sheriff's Department Deputy RIAL PRICE (Badge #166); Yolo County Sheriff's Department Captain ROBIN FAILLE (Badge #5); and DOES I through XX, inclusive,<br><br>　　　　　Defendants.<br>_____/ | NO.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>**JURY TRIAL DEMANDED** |

　　　Plaintiff MICAH GUNTHER complains and alleges as follows:

### I. JURISDICTION

　　　1.　　This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections 1983 and 1988, for violation of plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343. This Court also has supplemental jurisdiction over

plaintiff's state law claims pursuant to 28 U.S.C. section 1367.

## II. VENUE

2. Plaintiff's claims alleged herein arose in the Sacramento River, California in either Sacramento or Yolo Counties. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

## III. INTRODUCTION

3. This is a civil rights complaint with pendent state law claims for damages arising from Micah Gunther (Gunther), with his hands cuffed behind him, being forced off the back of a maximally accelerating sheriff's boat and thrown head first into the river nearly killing him and causing significant injury to his knee. Prior to being thrown into the river, Sgt. Williams, who was piloting the sheriff's patrol boat, had threatened to shoot the handcuffed Gunther. Gunther was not charged with any crime and was purportedly being detained so that officers could complete field sobriety tests on a person accused of boating under the influence of alcohol.

## IV. PARTIES

4. Plaintiff is a United States citizen residing in the County of Sacramento, California.

5. Defendant County of Yolo is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

6. Defendant Edward G. Prieto (Badge #1) was during all times mentioned herein the Sheriff of Yolo County and acting in that capacity. Sheriff Prieto is being sued in his individual and official capacities.

7. Defendant Al Williams (Badge #38) was during all times mentioned herein a sergeant with the Yolo County Sheriff's Department and acting in the course and scope of that employment relationship.

8. Defendant Rial Price (Badge #166) was during all times mentioned herein a deputy sheriff with the Yolo County Sheriff's Department and acting in the course and scope of that employment relationship.

9. Defendant Mike Montero, Jr. (Badge #155) was during all times mentioned herein a deputy sheriff with the Yolo County Sheriff's Department and acting in the course and scope of that employment relationship.

10. Defendant Captain Robin Faille (Badge #5) was during all times mentioned herein a Captain with the Yolo County Sheriff's Department and acting in the course and scope of that employment relationship.

11. The true names and identities of defendants Does I through X are presently unknown to plaintiff. Plaintiff alleges on information and belief that each of defendants Does I through X were employed by the County of Yolo during the time of this incident. Plaintiff alleges that defendants Does I through X, and each of them, negligently operated the boat, assaulted or threatened plaintiff and/or encouraged and/or directed and/or enabled this incident. Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendants Does I through X have been ascertained.

12. The true names and identities of defendants Does XI through XV are presently unknown to Plaintiff. Plaintiff alleges on information and belief that each of defendants Does XI through XV was employed by the County of Yolo at the time of the conduct alleged herein. Plaintiff alleges that each of defendants Does XI through XV were responsible for the training, supervision and/or conduct of the deputies involved in this incident. Plaintiff alleges that each of the defendants Does XI through XV were responsible for and caused the acts and injuries alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendants Does XI through XV have been ascertained.

13. The true names and identities of Defendants Does XVI through XX are presently unknown to plaintiff. Plaintiff alleges on information and belief that each of defendants Does XVI through XX was employed by the County of Yolo at the time of the

conduct alleged herein. Plaintiff alleges that each of defendants Does XVI through XX was responsible for the policies at issue in this case. Plaintiff alleges that this policy was a cause of the acts and injuries alleged herein. Plaintiff will seek to amend this Complaint as soon as the true names and identities of Does XVI through XX have been ascertained.

14. Defendants Prieto, Williams, Price, Montero, Faille and Does I through XX and each of them, to the extent they engaged in any acts or omissions alleged herein did so under color of state law.

## V. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES

15. Plaintiff filed timely government tort claims with the County of Yolo on September 11, 2009, regarding this incident, as a precondition to the filing of the state law claims contained herein.

16. The County of Yolo's risk manager sent out a letter rejecting Gunther's claim on October 27, 2008. As this complaint is being filed within six months of this letter, plaintiff may bring the state law causes of action asserted herein.

## VI. FACTUAL ALLEGATIONS

17. Plaintiff Micah Gunther is a 26-year-old, single male. He is a mostly law abiding citizen without any felony convictions. Gunther was a fit 6'3" and 225 pounds.

18. September 6, 2009, was the Sunday of the Labor Day weekend. The weather was clear and sunny with highs in the mid-eighties.

19. Gunther had spent the day on a friend's boat, a Malibu Wake Setter- a high-end twenty-one foot ski/wake board jet boat- on the Sacramento River. He was with a large group of friends.

20. Gunther and his friends were one of many boating groups on the river that day.

21. At around 7:00 p.m., the boat Gunther was in was one of a number of boats stopped and queued up at the Discovery Park boat ramp, waiting to get off the river.

22. While waiting their turn to remove their boat, the boat was contacted by a Yolo County Sheriff's patrol boat, a twenty-foot Jet Craft, operated by Sergeant Williams and Deputy Price. The deputies used their "emergency lights" to detain the boat.

23. The deputies accused one of Gunther's friends, Josh Moellman, with operating the boat while under the influence of alcohol. Moellman had, in fact, not been driving the boat and all criminal charges against Moellman were dismissed.

24. The deputies took Moellman aboard their boat to conduct field sobriety tests. They also accused Gunther of verbally interfering with their investigation while on the Malibu, so they handcuffed Gunther and brought him into the police boat.

25. Deputy Price informed Gunther that he would be released as long as he remained quiet. He placed Gunther, with his hands cuffed behind his back, without a life jacket, facing forward at the rear (transom) of the boat seated on the engine cover.

26. Sergeant Williams and Deputy Price were joined by another Yolo County Sheriff's patrol boat operated by deputies Harbaugh and Montero. Deputy Price and Montero were on the dock supervising the removal of the Malibu Wake Setter from the water. There was a physical altercation with another individual, Christopher Sheridan, on the dock, which resulted in him being arrested and taken away in a patrol car and Deputy Montero taking Price's place on Sergeant William's patrol boat.

27. While the altercation was taking place, Sergeant Williams, with his hand on his holstered service weapon, threatened to shoot Gunther and Moellman if they made a sound.

28. Shortly thereafter, with Sheridan in custody, and the blue Malibu safely removed from the water, without warning, Sergeant Williams rapidly accelerated his patrol boat at maximum speed into the river. Deputy Harbaugh reported that he "heard the engine throttle up all the way."

29. Gunther, without a life vest, was thrown back over the back of the boat, head first into the water and almost into the propeller. Fortunately for Gunther, although his

1  head was submerged, his right leg was caught up on the boat, which probably prevented
2  him from drowning, but caused significant injury to his right knee.

3        30.    The boat traveled some distance with Gunther's head under water before
4  Deputy Montero was finally able to persuade the enraged Sergeant Williams to stop the
5  boat.  Deputy Montero was able to pull Gunther back into the boat.

6        31.    This conduct is the nautical equivalent of a "screen test" or a "waffle job,"
7  which are euphemistic descriptions of when a police officer deliberately and without
8  warning applies a patrol car's breaks to force an unseatbelted subject's face into the screen
9  separating the backseat from the front of a patrol car.

10        32.    Gunther did not see the humor of the situation and was extremely upset with
11  the officers.

12        33.    Sergeant Williams docked his boat at the Broderick boat ramp.  He then
13  called Captain Faille to discuss the situation and form a plan.

14        34.    Gunther was told he was not under arrest, so as to avoid having him
15  medically treated at the County's expense and in the hope that he would simply let the
16  matter go.  To further assuage Gunther, a Yolo County sheriff's deputy drove him to his
17  home in Antelope.

18        35.    Gunther sustained a painful injury to the medial aspect of his right knee,
19  which was examined at Sutter Roseville Medical Center Emergency Department on the day
20  after the incident, September 7, 2009.  He was referred to an orthopedic surgeon and
21  advised to contact Orthopedics for a follow up within the week.

22        36.    Unfortunately, Gunther, who did not have medical insurance, was unable to
23  pursue the recommended course of treatment.

24        37.    Gunther unsuccessfully attempted to have Yolo County pay for his medical
25  expenses shortly after the incident and prior to this lawsuit being commenced.  They
26  declined, apparently preferring a lawsuit.

27        38.    Gunther continues to experience pain and weakness in his right knee.

28

39. As a direct and proximate cause of the defendants' actions described herein, plaintiff suffered severe physical injuries, pain and suffering, emotional distress, medical expenses and will require future medical.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unreasonable Search and Seizure/Excessive Force**
**(42 U.S.C. Section 1983)**
(*Brought against Williams, Montero, Price and Does I through X*)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39, as though fully set forth herein.

41. The actions of defendants alleged herein and Does I through X, including but not limited to, causing Gunther, an innocent third party, to be thrown from a speeding boat without a life vest, were unreasonable and unnecessary uses of force. Such conduct constituted an unreasonable seizure and an excessive use of force which violated his rights as protected by the Fourth Amendment of the United States Constitution.

42. The aforementioned acts and/or omissions of said defendants were malicious, reckless and/or accomplished with a conscious disregard of plaintiff's rights, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

### SECOND CAUSE OF ACTION
**Entity Liability/Unconstitutional Policies and Procedures**
**(*Monell* claim: Actionable under 42 U.S.C. §1983)**
(*Brought against defendants County of Yolo, Prieto in his individual capacity and Does XVI through XX*)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42, as though fully set forth herein.

44. The aforementioned acts, including the misuse of a patrol boat and failure to safeguard citizens in the patrol boat was done pursuant to the policies and procedures of defendants County of Yolo, Prieto individually and Does XVI through XX and resulted in violating plaintiff's constitutional rights.

45. As a direct and proximate result of the aforementioned policies and procedures of said defendants, plaintiff suffered injuries and damages as alleged herein.

### THIRD CAUSE OF ACTION
### Entity Liability/Unconstitutional Practices
### (*Monell* claim: Actionable under 42 U.S.C. §1983)
*(Brought against defendants County of Yolo, Prieto in his individual capacity, and Does XI through XX)*

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45, as though fully set forth herein.

47. The aforementioned acts, including the misuse of a patrol boat and failure to safeguard citizens in the patrol boat, were done pursuant to the practices of defendants County of Yolo, Prieto individually and Does XI through XX, and resulted in violating plaintiff's constitutional rights.

48. As a direct and proximate result of the aforementioned policies and procedures of said defendants, plaintiff suffered injuries and damages as alleged herein.

### FOURTH CAUSE OF ACTION
### Entity/Supervisory Liability
### (42 U.S.C. Section 1983)
*(Brought against defendants County of Yolo, Prieto in his individual capacity, Faille in her individual capacity and Does XI through XV)*

49. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 48, as though fully set forth herein.

50. The aforementioned acts and/or omissions of the individually named defendants were done as a result of inadequate training, supervision and review by defendants County of Yolo, Prieto individually, Faille individually and Does XI through XV.

51. Defendants County of Yolo, Prieto individually, Faille individually and Does XI through XV knew or should have known that their inadequate training and supervision would result in the violation of Gunther's constitutional rights as described herein. The failure to provide adequate training and supervision made the injuries sustained by Gunther foreseeable.

52. Defendants County of Yolo, Prieto individually, Faille individually and Does XI

1 through XV, and each of them, tacitly encouraged, ratified and/or approved the unlawful conduct alleged herein and knew or should have known that such encouragement, ratification or approval would result in violations of plaintiff's constitutional rights.

53. As a direct and proximate result of the aforementioned customs, policies and/or practices of said defendants, plaintiff suffered injuries and damages as alleged herein. The aforementioned acts and/or omissions of said non-entity defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

**FIFTH CAUSE OF ACTION**
**Battery**
**(California State Law)**
(*Brought against County of Yolo,
Williams, Montero and Does I through X)*

54. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53, as though fully set forth herein.

55. The conduct of defendants alleged herein in, specifically the attempted drowning was caused without legal justification.

56. Defendants' conduct was wrongful, intentional and with willful disregard for plaintiff's rights. This conduct constituted a battery.

57. Said conduct was a proximate cause of plaintiff's damages and injuries as alleged herein.

58. Defendant County of Yolo is vicariously liable for the conduct of its agents, all individual defendants named herein.

**SIXTH CAUSE OF ACTION**
**Negligence**
**(California State Law)**
(*Brought against Williams, Price, Montero, County of Yolo and Does 1 through X)*

59. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58, as though fully set forth herein.

60. Defendants, and each of them, owed plaintiff a duty of care. Specifically, defendants had a duty to operate their patrol boat in a reasonable manner and to have life preservers on restrained passengers.

61. Defendants, and each of them, breached their duties of care owed to plaintiff, causing his injury. As a direct and foreseeable result of defendants' negligent acts, plaintiff suffered injuries.

62. Defendant County of Yolo is vicariously liable for the conduct of its agents, all individual defendants named herein.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory, general and special damages against each defendant, jointly and severally, in the amount proven at trial;

2. For punitive and exemplary damages against each individual defendant, as allowed by law, in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988 and as otherwise authorized by statute or law;

4. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

Dated: April 23, 2010

              Respectfully submitted,

              /s/ Stewart Katz
              Stewart Katz,
              Attorney for Plaintiff

///

///

## DEMAND FOR TRIAL BY JURY

Plaintiff MICAH GUNTHER hereby demands trial by jury.

Dated: April 23, 2010

                                      /s/ Stewart Katz
                                      Stewart Katz,
                                      Attorney for Plaintiff